```
                                              CLERK'S OFFICE U.S. DIST. COURT
                                                    AT ROANOKE, VA
                                                         FILED
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA    OCT 0 3 2007
ROANOKE DIVISION

JOHN F. CORCORAN, CLERK
BY: _____
     DEPUTY CLERK

| | |
|---|---|
| BEVERLY RICARDO MANGUM,<br>Plaintiff, | )<br>)<br>)   Civil Action No. 7:07-cv-00469<br>) |
| v. | )   **MEMORANDUM OPINION**<br>) |
| ALLEN COLLINS, et al.,<br>Defendants. | )<br>)   By: Samuel G. Wilson<br>)   United States District Judge |

Plaintiff Beverly Ricardo Mangum, a Virginia prisoner proceeding pro se, filed this complaint pursuant to 42 U.S.C. § 1983. Mangum has also requested to proceed in forma pauperis.

According to court records, Mangum has had three previous civil rights complaints dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.[1] Therefore, Mangum may not proceed with this action unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

As Mangum has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[2] the court dismisses his complaint without prejudice.[3]

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

ENTER: This ___ day of October, 2007.

_____
United States District Judge

---

[1] See Mangum v. Huffman, et al., No. 7:94cv00403 (W.D. Va. September 5, 1995); Mangum v. Roessel, et al., No. 95-7542, 1996 U.S. App. LEXIS 9227 (4th Cir. Apr. 23, 1996); Mangum v. Saunders, et al., No. 7:95cv00504 (W.D. Va. May 26, 1995); Mangum v. Saunders, et al., No. 95-6887, 1995 U.S. App. LEXIS 23760 (4th Cir. Aug. 22, 1995); Mangum v. Roessel, et al., No. 7:98cv00753 (W.D. Va. Dec. 11, 1998).

[2] Mangum complains about his removal from the Alpha Program (a drug treatment program), his living conditions from July 15, 2007 to July 19, 2007, the jail's grievance procedure, and that his due process rights may have been violated following a disciplinary hearing. The court finds that none of these allegations demonstrate that Mangum is under imminent danger of serious physical injury.

[3] The court notes that if Mangum believes that he is under imminent danger of serious physical harm, he may re-file his claims in a separate action.

1